UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MARY YORK** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-CV-263 |
| | § | |
| **TEXAS DOW EMPLOYEES** | § | |
| **CREDIT UNION D/B/A TDECU** | § | |
| | § | USDJ: |
| | § | USMJ: |
| the Defendant. | § | ___*Jury Trial Requested*___ |

# ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, MARY YORK (hereinafter "Plaintiff" or "Ms. York"), and files this, his Original Complaint against TEXAS DOW EMPLOYEES CREDIT UNION d/b/a TDECU (hereinafter, the "Defendant" or "TDECU") and in furtherance thereof, would respectfully show unto this Court as follows:

# I.

## NATURE OF THE ACTION

1. This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and retaliation, and to seek appropriate relief for MARY YORK.

2. As is alleged below with more particularity, Defendant TEXAS DOW EMPLOYEES CREDIT UNION d/b/a TDECU discriminated against Ms. York by terminating her because of her age and retaliation.

# II.

## PARTIES

3. Plaintiff, MARY YORK is an adult resident citizen of Lake Jackson, Brazoria County, Texas.

4. Defendant, TEXAS DOW EMPLOYEES CREDIT UNION d/b/a TDECU is a Texas State Financial Institution with its principal place of business in Lake Jackson, Texas and which can receive service of process by and through its agent for service of process in Texas, Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.  TDECU has more than 20 employees and is an "employer" within the meaning of the Texas Labor Code Sections 21.051 et. seq., the Age Discrimination in

Employment Act ("ADEA") and all applicable laws.

## III.

## JURISDICTION and VENUE

5. All or part of the complained of transactions occurred in Texas, and the amount in controversy exceeds the Court's minimum jurisdiction. Plaintiff asserts Federal Question jurisdiction.

6. Venue is generally proper in the Galveston Division of the Southern District of Texas as the events giving rise to the cause of action in this lawsuit occurred, in whole or in substantial part, within the Southern District of Texas and in the parameters of the Galveston Division.

7. All conditions precedent to jurisdiction have occurred or have been met.

8. A charge of employment discrimination on the basis of age and retaliation was filed on or about March 10, 2020, with the Equal Employment Opportunity Commission (the "EEOC") and the Texas Workforce Commission within 180 and 300 days of the commission of the unlawful employment practices alleged in this Complaint. A supplemental charge regarding continued retaliation was filed on March 2, 2021.

9. The EEOC notification of right to sue was mailed on July 28, 2021.

10. This Complaint has been filed within both 60 and 90 days of the receipt of the EEOC's notification of right to sue.

11. The Plaintiff, having exhausted all administrative remedies, now files his lawsuit against the Defendant for age harassment and discrimination, and retaliation.

### IV.

### **GENERAL FACTS**

12. Ms. York was an employee at TDECU beginning April of 2015, for approximately 5 years with her last position in mortgage servicing. Ms. York was at all relevant times over the age of 40 years.

13. The backdrop for the beginning of calculated targeting and retaliation against Ms. York is based upon a March 2017 complaint regarding sexual harassment by a temporary employee made by Ms. York as well as multiple other female employees. This complaint was made to Ms. York's then supervisor, Lisa Lester, and the temporary employee was fired.

14. Immediately following that complaint, Ms. York began to be treated differently by her co-workers and supervisors. She diligently tried to ignore the treatment she was receiving and instead focusing in on doing her job but could not do so and was under extreme stress.

15. Lisa Lester was Manager of the Mortgage Servicing area in which Ms. York worked. Ms. York was targeted with claims that she suddenly had "more errors than normal" and it continued with nitpicking not experienced by or directed to younger members of the staff. This was in an attempt to push Ms. York towards quitting or retiring.

16. In January of 2020, when Ms. York returned from a brief vacation, Ms. Lester asked her if she "ever thought of retiring". This is clear evidence that Ms. Lester was pressuring Ms. York to continue her 'vacation' permanently and that Ms. York's age and perceived eligibility for retirement due to age was a consideration in the Defendant's decision-making criterion.

17. On other occasions between January and March of 2020, Amber Nevarez – a Marketing Servicing Supervisor - also made comments to Ms. York about whether she would be eligible for social security if she was no longer employer by the Defendant – again clear evidence that her supervisors were considering her age in relation to her employment with the Defendant. Nevarez also asked Ms. York several times about whether she had thought about retiring.

18. On March 6, 2020, Ms. York was fired at the age of 62. Another employee in her fifties was also terminated the same day. Upon information and

      belief, prior to Ms. York's and her co-worker's terminations, TDECU was interviewing people for hire. Upon information and belief, both Ms. York and her co-worker, older workers, were replaced by people under the age of 40 or otherwise significantly younger.

19. TDECU has concocted a pretextual reason for the discrimination and retaliation above that her performance was poor. Not remarkably, the claim of poor performance came at the same time Ms. York was first asked about whether she was considering retirement. After the first confrontation about retirement, Ms. York several times was objectively the most productive person in her area with one of the top scores in her department for quality and productivity as monitored by outside sourcing – not TDECU.

20. Ms. York had additional post-employment retaliation levied against her by TDECU. She carried her mortgage through TDECU. As part of that, TDECU was to pay Ms. York's homeowner's and windstorm insurance which was paid in escrow. On July 3, 2020, Ms. York received notice dated July 2, 2020, that TDECU had failed to pay her homeowner's insurance on or before June 20, 2020, and that it had been cancelled. Then again, TDECU failed to pay the escrowed windstorm insurance payment in December 2020, and it was cancelled effective January 14, 2021. Prior to

her termination and filing of a charge with the EEOC, Ms. York never had any issue with TDECU properly paying these items.

V.

## FIRST CAUSE OF ACTION

### Discrimination in Employment
### Age Discrimination

21. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again

22. This action arises in part under the Texas Labor Code §21.051 as well as Federal Law – the Age Discrimination in Employment Act, 29 USC §621, et. seq. and any other applicable state and federal anti-discrimination laws.

23. This suit is brought seeking legal and equitable remedies.

24. TDECU at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

25. Furthermore, TDECU is liable for the conduct of its employees, officers, agents, representatives, and superiors due to the doctrine of *respondeat superior*.

26. TDECU failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future. Ms. York was replaced by a person under the age of 40 or significantly younger than she.

27. Not only did TDECU not take remedial action sufficient to stop this discrimination, but by and through its employees, officers, and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against their victim.

28. Ms. York alleges that, in addition to the practices enumerated above, TDECU has engaged in other discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her, she will amend this pleading, and reserves his right to do so.

29. As a direct and proximate result of TDECU's willful, knowing, and intentional discrimination against her, Ms. York has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

30. Ms. York alleges that the outrageous conduct of TDECU described herein was done with fraud, oppression, and malice; with a conscious disregard for

her rights; and with the intent, design, and purpose of injuring her. Through its officers, agents, representatives and/or its supervisors, TDECU authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Ms. York is entitled to punitive and/or other exemplary damages.

## VI.

## SECOND CAUSE OF ACTION

### Discrimination in Employment
### Retaliation

31. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

32. This action arises in part under the Texas Labor Code §21.055 as well as Federal Law – the Age Discrimination in Employment Act, 29 USC §623(d), et. seq. and Title VII (related in part to the complaints of sexual harassment in 2017) and any other applicable state and federal anti-retaliation laws.

33. This suit is brought seeking legal and equitable remedies.

34. Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments. TDECU, through

its agents, representatives, employees, or supervisors, engaged in a pattern and practice of retaliation.

35. TDECU at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

36. Furthermore, TDECU is liable for the conduct of its employees, officers, agents, representatives, and superiors due to the doctrine of *respondeat superior*.

37. TDECU failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

38. TDECU did not take remedial action sufficient to stop this retaliation, but by and through its employees, officers, and supervisors, aided and abetted it.

39. Ms. York alleges that, in addition to the practices enumerated above, TDECU has engaged in other retaliatory discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her, she will amend this pleading, and reserves her right to do so.

40. As a direct and proximate result of TDECU's willful, knowing, and intentional retaliation against her, Ms. York has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

41. Ms. York alleges that the outrageous conduct of TDECU described herein was done with fraud, oppression, and malice; with a conscious disregard for her rights; and with the intent, design, and purpose of injuring her. Through its officers, agents, representatives and/or its supervisors, TDECU authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## VII.

## **ATTORNEYS' FEES, COSTS, AND EXPENSES**

42. As a further direct and proximate result of TDECU's violations of law, as heretofore described, Ms. York has been compelled to retain the services of counsel in an effort to protect her rights, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Ms. York.  Ms. York requests that attorneys' fees, costs, and expenses (including but not limited to expert witness fees) be awarded pursuant to all applicable laws.

## VIII.

## **JURY TRIAL REQUESTED**

43. Ms. York requests a jury in this case.

## IX.

## **AD DAMNUM**

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon notice and hearing that judgment be entered in her favor and against Defendant, for general and compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment, and post-judgment interest as allowed by law; attorneys' fees; costs; and expenses.  Plaintiff further

requests all equitable relief allowed under law, including injunctive relief ordering Defendant to carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, should that be sought. Should further actions of the Defendant require additional equitable/injunctive relief, Plaintiff hereby prays for that relief.

        Respectfully submitted,

        */s/ Charles H. Peckham*
        _____
        Charles H. Peckham
        TBN: 15704900
        cpeckham@pmlaw-us.com

        Mary A. Martin
        TBN:  00797280
        mmartin@pmlaw-us.com

        PECKHAM MARTIN, PLLC
        Two Bering Park
        800 Bering Drive, Suite 220
        Houston, Texas  77057
        (713) 574-9044

        **COUNSEL FOR PLAINTIFF**